**ELIIN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **ELIZA RODRIGUEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | **JURY DEMANDED** |
| **KHOURY AUTOMOTIVE OF DEL** | § | |
| **RIO, INC. D/B/A TOYOTA OF DEL** | § | |
| **RIO,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Eliza Rodriguez, (hereinafter referred to as "Plaintiff" or "Rodriguez") files this Original Petition and Discovery Requests against Khoury Automotive of Del Rio, Inc. D/B/A Toyota of Del Rio (hereinafter referred to as, "Defendant" or "Khoury Automotive"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Texas Commission on Human Rights Act, Texas Labor Code Ch. 21 (the "TCHRA"). Plaintiff requests damages, interest, attorneys' fees, and costs for Defendant's unlawful acts.

## I.     PARTIES AND SERVICE

3.     Plaintiff Rodriguez is a resident of Val Verde County, Texas. At all times relevant she was a resident of Val Verde County, Texas

4.     Khoury Automotive of Del Rio, Inc. D/B/A Toyota of Del Rio is a Texas corporation with its principal place of business at 3617 Veterans Boulevard, Del Rio, Texas, 78840-2833. Service may be made on Defendant's registered agent, Nick Khoury, 3611 Highway 90 West, Del Rio, Texas 78840, or wherever he may be found.

## II.     JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because this matter involves controversies arising under the laws of the United States, specifically Title VII. The Court has pendent jurisdiction over the state law claims arising under the TCHRA.

6.     Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b)(2) because Defendant regularly conducts business in this District and the events forming the basis of the suit occurred in this District.

7.     Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (the "EEOC") and the Texas Workforce Commission ("TWC") on May 1, 2018.   More than 180 days have passed since the Charge was filed. Thus, all administrative and jurisdictional prerequisites have been met or have expired.

## III.     FACTUAL SUMMARY

8.     Plaintiff was employed by Defendant from January 25, 2017, until January 9, 2018, at its office in Del Rio, Texas.

9.     A few months after Ms. Rodriguez started work at Khoury Automotive, Nena Cantu, Controller, and one of Ms. Rodriguez's supervisors, told Ms. Rodriguez, if Nick Khoury, owner of Khoury Automotive, "doesn't like you, he will make it very difficult for you, so much, you will quit."

10.     On August 29, 2017, Ms. Rodriguez was promoted to Office Manager at Toyota of Del Rio. Ms. Rodriguez began to experience near-daily harassment from Sam Nimry, Sales Floor Manager and first cousin of Nick Khoury. Mr. Nimry made inappropriate sexual comments and gestures to her and other employees.

11.     After Ms. Rodriguez's transfer, Mr. Nimry began giving Ms. Rodriguez repeated and unwelcome hugs multiple times a day. During Ms. Rodriguez's second week, Mr. Nimry grabbed Ms. Rodriguez and pressed his chest to her breasts and said, "Boy, I bet they are nice." Ms. Rodriguez began avoiding Mr. Nimry as much as she could, but Mr. Nimry continued harassing Ms. Rodriguez.  On one occasion Ms. Rodriguez was having to fix Mr. Nimry's computer asked, and when she asked him for his password, Mr. Nimry responded that it included the phrase, "big dick."

12.      In a separate incident, when Ms. Rodriguez was in the sales office shared by Mr. Nimry and Brad Gibson, Mr. Nimry told Ms. Rodriguez, "I like your blouse, but it would be better if you pulled it down." Ms. Rodriguez told Mr. Nimry she did not like what he was saying, nor did she like Mr. Nimry thinking he could go around hugging her. Ms. Rodriguez mentioned that her fiancé would be angry if he knew how Mr. Nimry talked to her. In response, Mr. Nimry laughed and said, "If you would let me," then moved his hips toward and away from Ms. Rodriguez, "you wouldn't want to marry him." Ms. Rodriguez was too scared to respond further, because of Mr. Nimry's relationship to the owner.

13.     On or about December 7, 2017, Mr. Nimry approached Ms. Rodriguez's desk and told Ms. Rodriguez, "Man, I had a wet dream about you last night." Ms. Rodriguez responded, "Sam, I don't want to hear things like that," but Mr. Nimry continued, saying, "We were at some party with a lot of people and I saw you, then I got a big hard on. I say big because I have a big dick. Then you came up to me, turned around and started rubbing your butt on me, then you turned around and took off your blouse and pulled your bra up and started putting your tits in my mouth, like back and forth. It was crazy, I hope it continues tonight." Ms. Rodriguez was disgusted and humiliated.

14.     Ms. Rodriguez also witnessed hostile behavior from Chris Lee, Area General Manager.  In meetings, Mr. Lee would frequently use the words "fuck," "pussy," and "panocha."

15.     On December 21, 2017, Ms. Rodriguez filed a complaint with HR Director Lisa Garces detailing Mr. Lee's and Mr. Nimry's behavior, as well as the comment from Ms. Cantu regarding how Mr. Khoury would make work difficult for employees he did not like.

16.     Khoury Automotive took immediate retaliatory action against Ms. Rodriguez, who was placed on administrative leave on December 22, 2017, the day after filing her sexual harassment complaint.

17.     Ms. Rodriguez returned to work on December 27, 2017. The following day, December 28, 2017, Ms. Rodriguez received her first write-up from Mark Randolph, CFO. The write-up was not only a first, but a final warning. Mr. Randolph was abusive and berating in his meeting with Ms. Rodriguez.

18.     The unusual procedure and ill-tempered means of levying discipline against Ms. Rodriguez was a malicious intimidation and humiliation tactic, reflecting Ms. Cantu's warnings about Mr. Khoury's methods of dealing with employees he did not like and calculated to encourage Ms. Rodriguez to resign.

19.     Mr. Lee continued to use vulgar and sexually suggestive language in the workplace, even admitting on January 9, 2018, "I know I shouldn't say this because there are women in the room."

20.     Mr. Randolph's actions in berating and disciplining Ms. Rodriguez shortly after the filing of her complaint, in addition to the continued inappropriate behavior of Mr. Lee, made Ms. Rodriguez's working conditions so intolerable that she felt compelled to resign.  Ms. Rodriguez resigned on January 9. 2018.

## IV.  CAUSES OF ACTION

**COUNT ONE:  SEXUAL HARASSMENT IN VIOLATION OF TITLE VII AND THE TCHRA**

21.  Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

22.  At all times relevant, Defendant was an "employer" of Plaintiff as that term is defined by Title VII and the TCHRA.

23.  Defendant Khoury Automotive discriminated against Plaintiff because of her sex, subjected Plaintiff to a hostile work environment, and conditioned her continued employment on her tolerance of Mr. Nimry and Mr. Lee's harassment.

24.  Mr. Nimry and Mr. Lee's conduct permeated Plaintiff's workplace with discriminatory intimidation and was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment, creating a hostile or abusive work environment.

25.  Khoury Automotive's actions violated Title VII and the TCHRA, entitling Plaintiff to recover compensatory damages, as well as pre- and post-judgment interest.

26.  Defendant's actions were malicious or made with reckless indifference to her protected rights, entitling Plaintiff to recover punitive damages from Defendant.

27.  Plaintiff seeks all available remedies under Title VII and the TCHRA, including mental anguish, emotional distress, inconvenience, humiliation, loss of enjoyment of life, and other pecuniary and non-pecuniary compensatory damages in the past and in the future.

**COUNT TWO:  DISCRIMINATION IN VIOLATION OF TITLE VII AND TCHRA**

28.  Plaintiff realleges the foregoing allegations as if fully set forth herein.

29.  Plaintiff was constructively discharged on the basis of sex in violation of Title VII and the TCHRA.

30.     Plaintiff's constructive discharge was malicious or made with reckless indifference to her protected rights.

31.     As a direct and proximate consequence of Defendant Khoury Automotive's violation, Plaintiff has suffered damages.

32.     Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

33.     Plaintiff seeks damages, exemplary damages, pre- and post-judgment interest, and costs.

**COUNT THREE:     RETALIATION UNDER TITLE VII AND TCHRA**

34.     Plaintiff realleges the foregoing allegations as if fully set forth herein.

35.     Defendant Khoury Automotive retaliated against Plaintiff by constructively discharging her after she filed a grievance against Mr. Nimry and Mr. Lee's sex discrimination, in violation of Title VII and the TCHRA.

36.     Plaintiff's constructive discharge was malicious or made with reckless indifference to her protected rights.

37.     As a direct and proximate consequence of Defendant Khoury Automotive's violation, Plaintiff has suffered damages.

38.     Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

39.     Plaintiff seeks damages, exemplary damages, pre- and post-judgment interest, and costs.

**V.     JURY DEMAND**

40.     Plaintiff demands a jury trial and has tendered the appropriate fee.

## VI.   <u>PRAYER</u>

WHEREFORE, Plaintiff respectfully requests that the Court:

A.      Issue citation for Defendant to appear and answer;

B.      Award to Plaintiff a judgment against Defendant for:

     1.      Actual damages, including lost wages and benefits (both past and future), the sum to be determined at time of trial;

     2.      Compensatory and punitive damages against Khoury Automotive in the maximum amount allowed by law;

     3.      Injunctive and equitable relief against Khoury Automotive, including but not limited to an Order:

         a.      Prohibiting Khoury Automotive from engaging in unlawful discrimination;

         b.      Requiring Khoury Automotive to enact policies and procedures that require adequate training of its employees on sexual harassment;

         c.      Requiring Khoury Automotive to enact policies and procedures that require adequate training of its human resources personnel to lawfully handle reports of sexual harassment in a prompt and sensitive manner;

         d.      Reporting to the Court on the manner of Khoury Automotive's compliance with the terms of a final order issued by the Court; and

     4.      Such other equitable relief as may be appropriate;

     5.      Attorneys' fees;

     6.      Pre- and post-judgment interest; and

     7.      Costs.

Plaintiff also requests that the Court award all other relief to which Plaintiff is entitled in equity and at law.

Respectfully Submitted,


/s/ Jennifer J. Spencer
Jennifer J. Spencer
State Bar No. 10474900
jspencer@jacksonspencerlaw.com
JACKSON SPENCER PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
(972) 458-5301 (Telephone)
(972) 770-2156 (Fax)

**ATTORNEYS FOR PLAINTIFF
ELIZA RODRIGUEZ**