# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTER DISTRICT OF TEXAS
## DEL RIO DIVISION

| | | |
|---|---|---|
| ELIZA RODRIGUEZ, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-0031-AM-VRG |
| | § | |
| KHOURY AUTOMOTIVE OF | § | |
| DEL RIO, INC. D/B/A | § | |
| TOYOTA OF DEL RIO, | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Comes now Khoury Automotive of Del Rio, Inc. d/b/a Toyota of Del Rio, Defendant in the above-styled and numbered cause of action and, in response to Plaintiff's Original Complaint, files this its Original Answer and would respectfully show unto the Court as follows:

## AFFIRMATIVE DEFENSES

1.      To the extent Plaintiff did not file a Charge of Discrimination with the United States Equal Employment Opportunity Commission or the Texas Workforce Commission – Civil Rights Division, Plaintiff's lawsuit is barred for failure to exhaust administrative remedies.

2.      To the extent any substantive claim contained in Plaintiff's Original Complaint was not contained in a timely filed Charge of Discrimination, such claims are barred for failure to exhaust administrative remedies.

3.      To the extent Plaintiff bases any of her claims on actions which occurred more than three hundred (300) or one-hundred eighty (180) days before the timely filing of a Charge of Discrimination with the Equal Employment Opportunity Commission or the Texas Workforce

Commission-Civil Rights Division, respectfully, such claims are barred by the applicable statute of limitations.

4.     Plaintiff's claim for harassment is barred because of Defendant's prompt remedial actions after Plaintiff made a complaint.

5.     Plaintiff has failed to mitigate her damages.

## ADMISSIONS AND DENIALS

1.     In response to the allegations contained in the preamble to Plaintiff's Original Complaint, Plaintiff merely recites the basis for her lawsuit and, as a result, no response thereto is necessary.  However, Defendant denies that it discriminated against the Plaintiff in any way.

2.     In response to the allegations contained in paragraph 3 of Plaintiff's Original Complaint, Defendant admits the allegations contained therein.

3.     In response to the allegations contained in paragraph 4 of Plaintiff's Original Complaint, Defendant admits the allegations contained therein.

4.     In response to the allegations contained in paragraph 5 of Plaintiff's Original Complaint, Defendant admits that this Court has jurisdiction of the claims asserted herein.

5.     In response to the allegations contained in paragraph 6 of Plaintiff's Original Complaint, Defendant admits that venue is proper in this Court.

6.     In response to the allegations contained in paragraph 7 of Plaintiff's Original Complaint, Defendant denies the allegations contained therein.

7.     In response to the allegations contained in paragraph 8 of Plaintiff's Original Complaint, Defendant denies the allegations contained therein.

8.      In response to the allegations contained in paragraph 9 of Plaintiff's Original Complaint, Defendant is currently without sufficient information to either admit or deny the allegations contained therein.

9.      In response to the allegations contained in paragraph 10 of Plaintiff's Original Complaint, Defendant denies that Plaintiff was promoted to Office Manager at Toyota of Del Rio. Defendant is currently without sufficient information to either admit or deny the remaining allegations contained in paragraph 10.

10.     In response to the allegations contained in paragraph 11 of Plaintiff's Original Complaint, Defendant is without sufficient information at this time to either admit or deny the allegations contained therein.

11.     In response to the allegations contained in paragraph 12 of Plaintiff's Original Complaint, Defendant is without sufficient information at this time to either admit or deny the allegations contained therein.

12.     In response to the allegations contained in paragraph 13 of Plaintiff's Original Complaint, Defendant is currently without sufficient information to either admit or deny the allegations contained therein.

13.     In response to the allegations contained in paragraph 14 of Plaintiff's Original Complaint, Defendant admits that Mr. Lee had used some inappropriate words in meetings.

14.     In response to the allegations contained in paragraph 15 of Plaintiff's Original Complaint, Defendant admits that Plaintiff filed a complaint with Lisa Garces regarding behavior in the workplace.

15.    In response to the allegations contained in paragraph 16 of Plaintiff's Original Complaint, Defendant denies that it took any retaliatory action against Plaintiff. Defendant admits that Plaintiff was allowed to stay at home with pay pending investigation of her complaint.

16.    In response to the allegations contained in paragraph 17 of Plaintiff's Original Complaint, Defendant admits that Plaintiff returned to work on or about December 27, 2017. Defendant admits that Plaintiff was counseled by Mark Randolph as a result of the information obtained during the investigation.  Defendant denies the remaining allegations contained in paragraph 17 of Plaintiff's Original Complaint.

17.    In response to the allegations contained in paragraph 18 of Plaintiff's Original Complaint, Defendant denies the allegations contained therein.

18.    In response to the allegations contained in paragraph 19 of Plaintiff's Original Complaint, Defendant is currently without sufficient information to either admit or deny the allegations contained therein.

19.    In response to the allegations contained in paragraph 20 of Plaintiff's Original Complaint, Defendant denies the allegations contained therein.

20.    In response to the allegations contained in paragraph 21 of Plaintiff's Original Complaint, Defendant re-alleges its responses to the allegations contained in the prior paragraphs of Plaintiff's Original Complaint as if set forth fully herein.

21.    In response to the allegations contained in paragraph 22 of Plaintiff's Original Complaint, Defendant admits the allegations contained therein.

22.    In response to the allegations contained in paragraph 23 of Plaintiff's Original Complaint, Defendant denies the allegations contained therein.

23. In response to the allegations contained in paragraph 24 of Plaintiff's Original Complaint, Defendant denies the allegations contained therein.

24. In response to the allegations contained in paragraph 25 of Plaintiff's Original Complaint, Defendant denies the allegations contained therein.

25. In response to the allegations contained in paragraph 26 of Plaintiff's Original Complaint, Defendant denies the allegations contained therein.

26. In response to the allegations contained in paragraph 27 of Plaintiff's Original Complaint, Defendant denies that Plaintiff is entitled to recover any damages whatsoever in connection with this lawsuit.

27. In response to the allegations contained in paragraph 28 of Plaintiff's Original Complaint, Defendant re-alleges its responses to the foregoing allegations in Plaintiff's Original Complaint as if fully set forth herein.

28. In response to the allegations contained in paragraph 29 of Plaintiff's Original Complaint, Defendant denies the allegations contained therein.

29. In response to the allegations contained in paragraph 30 of Plaintiff's Original Complaint, Defendant denies the allegations contained therein.

30. In response to the allegations contained in paragraph 31 of Plaintiff's Original Complaint, Defendant denies the allegations contained therein.

31. In response to the allegations contained in paragraph 32 of Plaintiff's Original Complaint, Defendant denies that Plaintiff is entitled to recover any damages whatsoever by way of this lawsuit.

32.     In response to the allegations contained in paragraph 33 of Plaintiff's Original Complaint, Defendant denies that Plaintiff is entitled to recover any damages whatsoever by way of this lawsuit.

33.     In response to the allegations contained in paragraph 34 of Plaintiff's Original Complaint, Defendant re-alleges its responses to the allegations contained in the prior paragraphs of Plaintiff's Original Complaint as if set forth fully herein.

34.     In response to the allegations contained in paragraph 35 of Plaintiff's Original Complaint, Defendant denies the allegations contained therein.

35.     In response to the allegations contained in paragraph 36 of Plaintiff's Original Complaint, Defendant denies the allegations contained therein.

36.     In response to the allegations contained in paragraph 37 of Plaintiff's Original Complaint, Defendant denies the allegations contained therein.

37.     In response to the allegations contained in paragraph 38 of Plaintiff's Original Complaint, Defendant denies that Plaintiff has suffered any damages recoverable in this lawsuit.

38.     In response to the allegations contained in paragraph 39 of Plaintiff's Original Complaint, Defendant denies that Plaintiff can recover any damages whatsoever by way of this lawsuit.

39.     In response to the allegations contained in paragraph 40 of Plaintiff's Original Complaint, such paragraph contains Plaintiff's jury demand and, as a result, no response thereto is necessary.

40.     In response to the allegations contained in paragraph 41 of Plaintiff's Original Complaint, Defendant denies that Plaintiff is entitled to recover any damages whatsoever by way of this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff take nothing by way of this action. Defendant prays that it be awarded its costs and such other and further relief, at law or in equity, to which it may be entitled.

Respectfully submitted,

By:/S/LAWRENCE D. SMITH
LAWRENCE D. SMITH
State Bar No. 18638800
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205
(210) 354-1300 – Telephone
(210) 277-2702 – Facsimile
E-mail: larry.smith@ogletreedeakins.com

## CERTIFICATE OF SERVICE

On this 7th day of August 2019, I electronically transmitted the foregoing using the electronic filing system, which will transmit a Notice of Electronic Filing to the following counsel of record:

Jennifer J. Spencer
Jackson Spencer, PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
jspencer@jacksonspencerlaw.com

/S/LAWRENCE D. SMITH
LAWRENCE D. SMITH

39514402.1